IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2020 DEC 21  P 3: 12

CLERK J. Hodge
SO. DIST. OF GA.

OWNERS INSURANCE COMPANY,          *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *          CV 120-151
                                   *
LOWE'S HOME CENTERS, LLC;          *
SMITH WOODWORKS & DESIGN,          *
INC.; JOEL SMITH; and PAMELA       *
JONES,                             *
                                   *
        Defendants.                *

_____

**O R D E R**

_____

Before the Court is Plaintiff's "Motion for a Preliminary and
Temporary Injunction Against Further Proceedings in the Underlying
Arbitration."  (Doc. 16.)  For the following reasons, Plaintiff's
motion is **DENIED**.

**I. BACKGROUND**

On April 2, 2018, Pamela Jones ("Jones") filed a lawsuit (the
"underlying lawsuit") against Lowe's Home Centers, LLC ("Lowe's")
and Joel Smith ("Smith") in the Superior Court for the County of
Columbia, Georgia.  (Pl's Compl., Doc. 1, at 5.)  The complaint
arises out of a contract involving the completion of a home

renovation and alleges causes of action based on contracts and "because of torts, wrong, or injury done." (Doc 1-1, at 3.) Pursuant to the parties' contract, the Superior Court of Columbia County entered a consent order granting Lowe's motion to compel arbitration on December 26, 2018. (Doc. 16-1.) In the Superior Court's order, the parties were instructed to submit all claims to arbitration in accordance with their arbitration agreement, and all proceedings in the state's case were stayed with the exception of necessary discovery. (Id.) Further, the Superior Court retained jurisdiction over the matter for the purposes of discovery disputes, motions to confirm or vacate an arbitration award, and entering a final judgment on an arbitration award. (Id.)

On October 21, 2020, Plaintiff Owners Insurance Company ("Owners") filed a complaint in this Court against the above-named Defendants seeking declaratory judgment of its rights and duties pursuant to an insurance policy. (See Pl's Compl.) Owners is defending Lowe's and Smith in the underlying lawsuit, subject to a reservation of rights Owners issued after being informed about the underlying lawsuit. (Id. ¶¶ 20-21.)

Plaintiff's purpose in the present suit is to determine whether Owners has any duty to defend or indemnify any party in the underlying lawsuit. (Id. ¶ 23.) Owners argues the claims Jones asserts in the underlying lawsuit do not trigger coverage under the insurance policy at issue for a variety of reasons.

2

(Id. at 14, 16.)   Further, Owners argues the damages alleged in the underlying lawsuit are also excluded from coverage for various reasons.  (Id. at 18, 20-21, 23.)

Defendant Smith filed an answer to the complaint on November 23, 2020 and Defendant Lowe's answered on November 25, 2020. (Docs. 14-15.)   Defendant Jones did not file an answer or any response by her deadline of November 30, 2020 and therefore default was entered against her on December 11, 2020.  (Doc. 20.)

At issue now is that on November 25, 2020, Plaintiff filed a motion for preliminary and temporary injunction asking the Court to stay the underlying arbitration until their complaint for declaratory judgment has been resolved.  (Doc. 16.)   None of the Defendants responded.

## II. LEGAL STANDARD

It is within the district court's discretion whether to grant or deny a preliminary injunction, but the moving party must show:

> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest.

BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 968 (11th Cir. 2005) (citing Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003)).

Beyond the preliminary injunction standard, relevant to the Court's inquiry is also the Anti-Injunction Act (the "Act"). The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "These [three] statutory exceptions are narrow and are not [to] be enlarged by loose statutory construction, . . . and the prohibition [of section 2283] is not to be whittled away by judicial improvisation." Northfield Ins. Co. v. Odom Indus., Inc., 119 F. Supp. 2d 631, 635 (S.D. Miss. 2000) (internal quotations and citations omitted) (alterations in original).

Although not yet specifically addressed by the Eleventh Circuit, other courts have held that the scope of the Act prevents a federal court from enjoining an arbitration that was commanded by a state court. See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 985 F.2d 459 (9th Cir. 1993). The analysis by these courts typically turns on deciding whether the state court's action involves a judicial inquiry, which requires more than a ministerial or administrative act by the court. Id. at 462. In Empire, the Ninth Circuit held that an order to compel arbitration required a state court "to perform the quintessential judicial function of interpreting contracts . . . in order to reach the conclusion that arbitration should be ordered." Id. The court

further explained that the state court retaining the ability to enforce a judgment or to hold status conferences while the arbitration is proceeding makes it a proceeding involving litigation, thereby leaving a federal court without the power to interrupt arbitration proceedings by enjoining what the state court commanded. Id. The Ninth Circuit justifies their ruling by discussing the "healthy federal policy in favor of arbitration" and explaining it would be "anomalous to treat a state-ordered arbitration as open to interference by a federal court when the Anti-Injunction Act protects it." Id. at 462-63. Other courts have found that a state court ordering arbitration did not rise to the level of judicial inquiry necessary to invoke the Act, but this Court is not persuaded by that reasoning. See Big Apple Cookie Co. v. Springwater Cookie Co., 517 F. Supp. 367, 371 (S.D. Ohio 1981) (holding a state court's enforcement of an arbitration agreement does not rise to the level of judicial inquiry and is not an extension of and does not involve proceedings in state court).

### III. DISCUSSION

In the underlying lawsuit, Jones filed a complaint with the state court and then Lowe's filed a motion to compel arbitration which the court granted while also retaining jurisdiction over the matter for specifically enumerated purposes. (Doc. 16-1.) Like

in Empire, the state court in the underlying lawsuit did more than perform "ministerial" functions, and it retained jurisdiction over the suit, so granting Plaintiff's motion would be contrary to the Act and interfere with the state court's order compelling arbitration.

If Owners had hesitations about the scope of their coverage in the underlying lawsuit or the arbitration ordered from it, it could have raised the issue or intervened within the state court proceeding. By waiting to ask this Court to determine the scope of its liability, it has missed the opportunity to postpone the arbitration, because this Court is without jurisdiction to do so. As the Ninth Circuit noted, and this Court follows, the federal system favors arbitration, and the Act prevents this Court from interfering with state courts except in limited circumstances. See Empire, 985 F.2d at 462 (holding in light of the "healthy federal policy in favor of arbitration . . . . it would be anomalous to treat a state-ordered arbitration as open to interference by a federal court when the Anti-Injunction Act protects it").

Since the Court is without the authority to grant an injunction, the Court finds it unnecessary to further analyze the motion to determine whether Plaintiff met its standard for preliminary injunction. Therefore, the Plaintiff's motion to stay the underlying arbitration is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's "Motion for a Preliminary and Temporary Injunction Against Further Proceedings in the Underlying Arbitration" (Doc. 16) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA